MARC J. GROSS, ESQ.
**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue, Suite 301
Roseland, New Jersey  07068
973/535-1600
973/535-1698 (Fax)
Attorneys for: Plaintiff,
eCube Solutions, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ECUBE SOLUTIONS, LLC<br><br>                    Plaintiff,<br><br>v.<br><br>UNIVERSAL MASTER PRODUCTS LIMITED, PRINCETON GREEN, LLC AND ROBERT LOCKWOOD<br><br>                    Defendants. | Civil Action No.  10-2316 (GEB) (DEA)<br><br><br>CIVIL ACTION<br><br><br>AMENDED COMPLAINT |

Plaintiff, eCube Solutions, LLC ("eCube") by way of Amended Verified Complaint against defendants, Universal Master Products Limited ("UMP"), Princeton Green, LLC ("Princeton") and Robert Lockwood ("Lockwood"), alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for *inter alia* unfair competition and tortious interference.  eCube is the owner of certain trademarks, copyrights, and trade secrets for the

commercialization of an energy saving device in the commercial refrigeration industry. eCube brings this action to prohibit defendants from unlawfully utilizing eCube's trademark, copyrighted works, trade secrets, from unlawfully interfering in eCube's business and customer relationships and from causing irreparable harm to eCube's business.

## THE PARTIES

2. Plaintiff eCube is a New Jersey limited liability company with its principal office located in Mendham, New Jersey.

3. eCube is the owner of the registered trademark "eCube" in both the United States (Registration Number 3805518) and the United Kingdom (Registration Number 2496642). (Hereafter, the United Kingdom trademark and the pending United States trademark shall be collectively referred to as the "eCube® Mark").

4. Defendant UMP is, upon information and belief, a business entity formed under the laws of the United Kingdom, with an address of 69 Hayes Lane, Beckenham, Kent, UK BR3 6RE. UMP owns the patent, but not the trademark for the eCube® device, which device serves, among other things, as an energy savings mechanism in the commercial refrigeration industry.

2

5.   Defendant Princeton is a Florida limited liability company with an address located at 17 Moran Avenue, Princeton, New Jersey.

6.   Defendant Lockwood is an individual residing at 17 Moran Avenue, Princeton, New Jersey.   Upon information and belief, Lockwood is the sole officer, director and controlling member of Princeton.   Lockwood and Princeton are, upon information and belief, alter egos of each other.   (Hereafter, Princeton and Lockwood shall be collectively referred to as "Princeton").

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over the subject matter of the action pursuant to 15 U.S.C. §1125.

8.   The Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §1367.

9.   Venue is proper in this district under 28 U.S.C. §1391 in that defendant Princeton is deemed to reside in this judicial district, and a substantial part of the events and/or omissions giving rise to the claim occurred within this judicial district.

1291011.01

## FACTUAL ALLEGATIONS

### A.    Introduction.

10. Since July 31, 2007, eCube has expended substantial resources in establishing, developing and promoting the eCube product and eCube® Marks and has expended substantial resources in connection with development of trade secrets, test methods, testing, customer consultations, advertising, promoting and developing marketing strategies for the eCube product and eCube® Marks. In this regard, eCube has developed significant goodwill and rights in the eCube® product, eCube® name and eCube® Marks.

11. Through these efforts, eCube's name and the eCube® Marks are inherently distinctive and/or acquired distinctiveness.

12. Since in or about its inception, eCube has marketed and distributed its eCube® product to customers in the commercial refrigeration market, and has established relationships with distributors and/or customers throughout the world, but primarily in North America.

13. eCube obtained an exclusive right to distribute eCube devices through a relationship with eCube Distribution Limited ("eDL").

4

**B.    eCube Forms a Relationship With UMP.**

14.    Through its relationship with eDL and beginning in or about the spring of 2008, eCube became acquainted with and developed a relationship with UMP.    In fact, after eDL's agreement with UMP was cancelled, eCube began certain direct discussions with UMP.

15.    Thereafter, eCube sought to enter into a relationship with UMP in or about the summer of 2009, together and with eDL, so as to increase sales and market penetration of the eCube® energy savings device.

16.    In furtherance of their relationship, eCube provided UMP with information on eCube's sales, marketing and certain market tests and/or studies and customers.

17.    Over the course of the next several months, eCube and UMP continued to exchange information.

**C.    eCube Enters An Agreement With Princeton.**

18.    On November 4, 2009, eCube entered a non-exclusive dealer agreement (the "Agreement") with Princeton.    Prior to entering the Agreement, Princeton represented that it had the ability to roll out eCube's products nationally and that it would use its best efforts to do so as quickly as practicable.

1291011.01

19. Towards this end, eCube granted Princeton a non-exclusive right to purchase, inventory, promote and resell eCube's products in the United States.

20. Princeton agreed to promote, market and sell eCube's products and to encourage the purchase of eCube's products by sales to customers to the best of Princeton's ability.

21. Moreover, Princeton agreed not to engage in the marketing, promotion, sale or distribution of any products or services that would compete or conflict with eCube's products and that Princeton would only purchase the products from eCube.

22. In connection with assisting Princeton's successful performance under the Agreement, eCube provided Princeton with certain confidential and/or proprietary data, including sales tools, trial data disclosing the identity of customers, its proprietary pilot protocol, confidential training videos, and pre-built spreadsheets to enable Princeton to create impressive cost quote presentations.

23. Princeton at all times acknowledged that eCube had certain expertise to help Princeton "…quickly bring [the eCube®] product to market" and that eCube has "…blazed a sales trail here in the states …" and was "…willing to pass that knowledge onto [Princeton]".

24.  In a continued effort to assist Princeton's performance under the Agreement, eCube trained a team of Princeton sales representatives, provided sales tools, assisted in Princeton's customer pilot/test and created and/or produced certain video sales presentations.  eCube even registered certain video presentations under the U.S. Copyright Act, obtaining registration numbers PA-1-696-124, as well as other materials for which it obtained or expected to obtain copyright registration.

25.  In connection with eCube's performance under the Agreement, Princeton acknowledged that it was "particularly impressed" with the relationship.  Further, Princeton was so committed to deploying the eCube device that it considered it to be one of its "key technologies that [it] completely believe(s) in…"

26.  Even though Princeton had failed to sell any eCube® products during the course of the relationship, eCube remained supportive of Princeton and continued to dedicate resources to the relationship.

**D.    eCube Discovers UMP's Interference With eCube Customers.**

27.  On January 29, 2010, eCube discovered that UMP had sought to unlawfully take advantage of eCube's expertise in

marketing, advertising and establishment of a distribution network by directly contacting eCube customers, including but not limited to Enigin, Inc. ("Enigin"). UMP offered to sell those eCube customers eCube® devices, bearing the eCube® Mark at significantly lower prices.

28. By letter dated February 1, 2010, eCube served UMP with a Notice to Cease and Desist UMP's unlawful interference with eCube's customer relationships and to cease its unfair competition.

29. Thereafter, although UMP denied having any discussions with eCube's customers, it agreed not to contact eCube's customers in the future.

30. Unfortunately, despite the fact that UMP had indicated that it would cease its interfering activities, in or about April 2010™ Enigin severed its business relationship with eCube, advising that UMP's interference in the marketplace was the cause in Enigin's decision.

**E.    UMP Interferes In eCube's Relationship With Princeton.**

31. Unbeknownst to eCube, during the time that eCube was performing under the Agreement with Princeton, UMP had been covertly communicating with and secretly forming a relationship with Princeton.

8

32.  Indeed, upon information and belief,  it was UMP's intent to circumvent eCube and offer eCube® devices directly to Princeton at lower prices, but only after Princeton had extracted the necessary training and confidential data from eCube.

33.  Clearly, UMP was aware of Princeton's relationship with eCube.  Indeed, Princeton affirmatively stated to UMP that it had "been working feverishly getting prepared to rollout eCube nationally".

34.  Although Princeton was obligated under the Agreement to promote, market and sell eCube's products, and agreed not to engage in the marketing, promotion, or sale of competing products, which included products sold by UMP, UMP interfered in the Agreement and sought to have Princeton distribute its competing eCube® device.

35.  Toward this end, and despite the fact that Princeton had obtained training, sales materials, marketing strategies, trade secrets and support from eCube, Princeton made clear to UMP that it would utilize that knowledge and "...assume the responsibility of maintaining relationships, training and providing sales material/support to all of [its] wholesale

1291011.01

distributors…" so as to "infiltrate the market" with UMP's products.

36. In fact, Princeton even acknowledged to UMP after its receipt and assimilation of eCube's confidential and/or proprietary data, along with eCube's expertise, that "…the timing of us coming together is properly aligned…".

37. Thus, on April 26, 2010, after extracting the necessary data and training from eCube, Princeton suddenly announced to eCube that it had entered into an "exclusive agreement" with UMP for the sale of eCube® devices, bearing the eCube® Mark and advised that it would be soliciting and had solicited customers contemplated under the Agreement to purchase the competing products offered by UMP. Princeton also engaged in the unauthorized use, distribution display and/or copying of eCube's video presentation(s), willfully infringing on eCube's copyrights, going so far as to unlawfully remove the copyright notice from eCube's videos.

38. Upon information and belief, in addition to Princeton, UMP is in the process of soliciting additional distributors and/or customers of eCube to distribute and/or sell eCube® devices bearing the eCube® Marks, , or confusingly similar marks, including, but not limited to "tCube", "3cube", and

"endoCube," and utilizing eCube's confidential and/or proprietary information to identify and target customers. In this regard, UMP has already contacted eCube's customers and relayed disparaging and/or false information concerning eCube.

39. Further, eCube acquired rights and ownership with respect to certain eCube® inventory of eDL (the "Inventory") in connection with an assignment. Notwithstanding eCube's ownership in that Inventory, UMP unlawfully seized the Inventory in violation of eCube's property rights.

40. Defendants' activities have already caused consumer confusion, mistake and deception in the marketplace and eCube has suffered a loss of goodwill, customers, sales and/or profits and its trademark has become diluted.

41. As a direct and proximate result of UMP's and Princeton's actions, purchasers and potential purchasers of eCube® devices will be and have been confused as to the origin and/or owner of the eCube® Marks and/or otherwise unlawfully diverted to purchasing products from UMP.

42. Accordingly, eCube now brings this emergent action so as to prevent immediate and irreparable harm.

1291011.01

## FIRST COUNT

43.  Plaintiff repeats and reiterates the allegations contained in paragraphs 1 - 42 as if set forth herein at length.

44.  eCube is the registered owner of the eCube® Marks and has used those Marks consistently in commerce.

45.  eCube's name is distinct and/or has acquired distinctiveness prior to the time UMP and Princeton have trafficked in and used the eCube® Marks.

46.  UMP's and Princeton's trafficking in and use of the eCube® Marks demonstrate a bad-faith intent to profit from the eCube® Marks.

47.  Moreover, UMP and Princeton have, without the consent of eCube, continued to use in commerce reproductions, counterfeits, copies and/or colorable imitations of eCube's registered mark in connection with the sale, offering for sale, distribution and/or advertising of their goods, knowing that such use is likely to cause confusion, mistake or to deceive.

48.  UMP's and Princeton's actions in interstate commerce, set forth herein, are likely to cause confusion, mistake and/or to deceive consumers as to the affiliation, connection or association between eCube and the defendants.

1291011.01

49. UMP's and Princeton's actions in interstate commerce, as set forth above, are likely to cause confusion, mistake or to deceive consumers as to the origin, sponsorship or approval of eCube devices and/or other services or commercial activities of eCube all in violation of the Lanham Act, including 15 U.S.C. §1114 and 15 U.S.C. §1125.

50. As a direct and proximate result of defendants' violations of the Lanham Act, eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

(a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube including but not limited to registration or use as a

13

domain name, trademark, business name or corporate name;

(c)   For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)   For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)   For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)   For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)   For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)   For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

14

(i)   For   compensatory   and   consequential
damages;

(j)   For  interest,  attorneys  fees  and  costs
of suit; and

(k)   For  such  other  and  further  relief  as
this Court may deem equitable and just.

### SECOND COUNT

51.  Plaintiff  repeats  and  reiterates  the  allegations
contained in the First Count as if set forth herein at length.

52.  UMP's  and  Princeton's  activities  described  herein
constitute  common  law  trademark  infringement,  misappropriation
of unfair competition.

53.  As  a  direct  and  proximate  result  of  defendants'
unlawful  actions,  plaintiff  has  suffered  and  continues  to  suffer
irreparable harm and damages.

**WHEREFORE**,   plaintiff,   eCube   Solutions,   LLC,   demands
judgment  against  the  defendants  Universal  Master  Products
Limited,  Princeton  Green,  LLC  and  Robert  Lockwood,  jointly  and
severally, as follows:

(a)   For  an  Order  enjoining  and  restraining
defendants      from      referencing      eCube
and/or  eCube®  in  any  manner  on  any  of
their          websites,          brochures,
advertisements  and/or  other  marketing
materials;

(b)   For  an  Order  enjoining  defendants,  and
all  persons  or  entities  in  active

1291011.01

concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c)  For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)  For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)  For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(f)  For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(g)  For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(h)  For   compensatory   and   consequential
     damages;

(i)  For  interest,  attorneys  fees  and  costs
     of suit; and

(j)  For  such  other  and  further  relief  as
     this Court may deem equitable and just.

### THIRD COUNT

54.  Plaintiff   repeats   and   reiterates   the   allegations
contained in the first and Second Counts as if set forth herein
at length.

55.  eCube   is   the   owner   and   creator   certain   sales
presentation  video  works(s)  and  other  materials,  including
Copyright Number PA-1-696-124 (the "Work(s)").

56.  Princeton  has  willfully  and  intentionally  engaged  in
unlawful  infringement  upon  the  Work(s)  of  eCube  in  violation of
the Copyright Act, 17 U.S.C. 501(a) et. seq., and has engaged in
unauthorized copying within the meaning of §106 of the Copyright
Act by distributing, displaying and reproducing the Work(s).
Princeton  has  even  taken  steps  to  delete  eCube's  copyright
notice from the Work(s).

57.  As  a  direct  and  proximate  result  of  Princeton's
violations  of  the  Copyright  Act,  as  aforesaid,  eCube  has
suffered  and  continues  to  suffer  irreparable  harm,  including

17

loss of goodwill, diminution and/or destruction of eCube's trademark value, together with damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

> (a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

> (b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

> (c) For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

> (d) For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused

1291011.01

by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)  For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(f)  For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(g)  For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(h)  For compensatory and consequential damages;

(i)  For interest, attorneys fees and costs of suit; and

(j)  For such other and further relief as this Court may deem equitable and just.

## FOURTH COUNT

58.  Plaintiff repeats and reiterates the allegations contained in the First through Third Counts as if set forth herein at length.

59.  UMP and Princeton have used and employed unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations and/or the

1291011.01

knowing, concealment, suppression or omission of material facts, with intent that others would rely upon such concealment, suppression or omission in connection with the sale and advertisement of merchandise in violation of N.J.S.A. 56:8-2 and N.J.S.A. 56:8-19.

60. As a direct and proximate result of UMP's and Princeton's violations of N.J.S.A. 56:8-2 and N.J.S.A. 56:8-19, eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

(a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a

domain name, trademark, business name or corporate name;

(c)     For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)     For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)     For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)     For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)     For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)     For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

21

      (i)   For compensatory and consequential damages, and treble damages under <u>N.J.S.A.</u> 56:8-19;

      (j)   For interest, attorneys fees and costs of suit; and

      (k)   For such other and further relief as this Court may deem equitable and just.

## FIFTH COUNT

61. Plaintiff repeats and reiterates the allegations contained in the First through Fourth Counts as if set forth herein at length.

62. Notwithstanding the promises in the Agreement, Princeton breached the Agreement by, among other things, failing to use its best efforts to promote, market and sell eCube's products, failing to encourage the purchase of eCube's products to the best of its ability and by engaging in the marketing, promotion, sale and/or distribution of UMP's products and/or services that compete or conflict with eCube's products.

63. UMP breached certain contractual rights of eCube, which eCube obtained through an assignment, by UMP's seizure of the Inventory.

64. As a direct and proximate result of Princeton's breaches of the Agreement, and UMP's breach of contract as

22

aforesaid, eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Princeton Green, LLC, Robert Lockwood and Universal Master Products Limited, jointly and severally, as follows:

(a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c) For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d) For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused

1291011.01

by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)  For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)  For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)  For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)  For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i)  For compensatory and consequential damages;

(j)  For interest, attorneys fees and costs of suit; and

(k)  For such other and further relief as this Court may deem equitable and just.

## SIXTH COUNT

65.  Plaintiff repeats and reiterates the allegations contained in the First through Fifth Counts as if set forth herein at length.

1291011.01

66. Princeton breached its contractual obligations of good faith and fair dealing by willfully, wantonly and intentionally disclosing eCube's confidential and proprietary information to UMP and/or other third parties and by utilizing the training, sales materials and support provided by eCube to align with and enter into an agreement with UMP so as to infiltrate the market with eCube® devices, trading upon the knowledge and information obtained from eCube.

67. UMP breached its contractual obligations of good faith and fair dealing by willfully, wantonly and intentionally seizing the Inventory.

68. As direct and proximate result of Princeton's and UMP's breaches of the implied covenant and good faith and fair dealing, eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants Princeton Green, LLC, Robert Lockwood and Universal Master Products Limited, jointly and severally, as follows:

> (a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

25

1291011.01

(b)   For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c)   For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)   For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)   For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)   For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

26

(g)   For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)   For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i)   For compensatory and consequential damages;

(j)   For interest, attorneys fees and costs of suit; and

(k)   For such other and further relief as this Court may deem equitable and just.

## SEVENTH COUNT

69.   Plaintiff repeats and reiterates the allegations contained in the First through Sixth Counts as if set forth herein at length.

70.   At relevant dates and times hereto, UMP and Princeton represented to eCube that they would keep confidential and not disclose any proprietary and/or confidential information that they obtained in connection with their relationship with eCube.

71.   Additionally, so as to induce eCube to enter into the Agreement, Princeton represented that it would comply with and faithfully undertake and perform all of its obligations, duties and responsibilities under the Agreement.

27

72. Additionally, prior to Princeton executing the Agreement, Lockwood represented that Princeton had the ability to roll out eCube's products nationally.

73. Additionally, Lockwood stated that his key objective is to grow into controlling the market in all fifty states, and that Princeton had the ability to assume the responsibility of maintaining relationships, training and providing sales materials and support to all of its wholesale distributors and energy advisors for the sale and distribution of eCube's products.

74. Lockwood also represented that Princeton had the ability to secure hundreds of small wholesalers to provide cash flow for eCube's products.

75. Defendants knew or should have known that their representations were falsely made.

76. eCube relied on the foregoing representations by entering into the Agreement, by disclosing confidential and/or proprietary information and by otherwise developing intellectual property and investing, time, money, manpower and assets to pursue business relationships with UMP and Princeton.

77. As a direct and proximate result of the misrepresentations by UMP and Princeton, as set forth above,

28

eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

(a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c) For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d) For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused

29

1291011.01

by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e) For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f) For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g) For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h) For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i) For compensatory, punitive and consequential damages;

(j) For interest, attorneys fees and costs of suit; and

(k) For such other and further relief as this Court may deem equitable and just.

## EIGHTH COUNT

78. Plaintiff repeats and reiterates the allegations contained in the First through Seventh Counts as if set forth herein at length.

1291011.01

79. As a direct and proximate result of the negligent misrepresentations by UMP and Princeton as set forth above, eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood jointly and severally, as follows:

(a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c) For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to

31

plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)    For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)    For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)    For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)    For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)    For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i)    For compensatory and consequential damages;

(j)    For interest, attorneys fees and costs of suit; and

(k)    For such other and further relief as this Court may deem equitable and just.

## NINTH COUNT

80.   Plaintiff repeats and reiterates the allegations contained in the First through Eighth Counts as if set forth herein at length.

81.   UMP knew or should have known of the Agreement between eCube and Princeton, and other agreements between eCube and third parties.

82.   Princeton knew or should have known of eCube's agreements with its customers.

83.   Notwithstanding that knowledge, UMP and Princeton tortuously interfered with the aforesaid agreements.

84.   UMP's and Princeton's tortuous conduct was willful and intentional with malice for the purpose of enriching itself and at the expense of eCube.

85.   As a direct and proximate result of UMP's and Princeton's willful and intentional interference with contractual relations, eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

1291011.01

(a)  For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b)  For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c)  For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)  For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)  For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential

34

information and/or trade secrets, at any time or in any manner whatsoever;

(f)     For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)     For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)     For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i)     For compensatory, punitive and consequential damages;

(j)     For interest, attorneys fees and costs of suit; and

(k)     For such other and further relief as this Court may deem equitable and just.

## TENTH COUNT

86.     Plaintiff repeats and reiterates the allegations contained in the First through Ninth Counts as if set forth herein at length.

87.     eCube had and has a reasonable expectation to benefit from its name, reputation, goodwill and from the sale of its products in the market place.

88.     UMP and Princeton knew or should have known of the value of eCube's name, business acumen and experience,

35

reputation and goodwill, and willfully, intentionally, maliciously and without justification, interfered with eCube's interests, including the sale of eCube's products in the market place.

89. UMP's and Princeton's intentional interference directly caused the loss of prospective economic gain that eCube would have realized through certain sales and/or relationships with other distributors and/or customers, as well as through the marketing of eCube® devices.

90. By intentionally, willfully and maliciously diverting business opportunities away from eCube and by intentionally and willfully injuring the business relationships and reputation of eCube, UMP and Princeton have tortuously interfered with eCube's prospective economic advantage.

91. UMP's and Princeton's conduct was willful and intentional with malice for the purpose of enriching themselves and at the expense of eCube.

92. As a direct and proximate result of UMP's and Princeton's tortuous interference with eCube's prospective economic advantage, eCube has suffered and continues to suffer irreparable harm and damages.

36

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

      (a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

      (b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

      (c) For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

      (d) For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to

37

plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e) For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(f) For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(g) For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(h) For compensatory, punitive and consequential damages;

(i) For interest, attorneys fees and costs of suit; and

(j) For such other and further relief as this Court may deem equitable and just.

## ELEVENTH COUNT

93. Plaintiff repeats and reiterates the allegations contained in the First through Tenth Counts as if set forth herein at length.

94. By causing and participating in the misappropriation of eCube's assets, including, but not limited to, the Inventory and the Work(s), by utilizing and misappropriating eCube's confidential and proprietary information concerning its marketing information, sales tools, spreadsheets, marketing

38

techniques, methods, systems, pricing, plans and/or policies, UMP and Princeton have engaged in conversion.

95. As direct and proximate result of UMP's and Princeton's conversion, eCube has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

(a) For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b) For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c) For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and

39

increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)   For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)   For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)   For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)   For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)   For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i)   For compensatory, punitive and consequential damages;

(j)   For interest, attorneys fees and costs of suit; and

(k)   For such other and further relief as this Court may deem equitable and just.

1291011.01

## TWELFTH COUNT

96.  Plaintiff repeats and reiterates the allegations contained in the First through Eleventh Counts as if set forth herein at length.

97.  As direct and proximate result of the foregoing, UMP and Princeton have been unjustly enriched.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

(a)  For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b)  For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark, any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c)  For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the

41

foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)    For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)    For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)    For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)    For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)    For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i)    For compensatory and consequential damages;

(j)    For interest, attorneys fees and costs of suit; and

(k)  For such other and further relief as this Court may deem equitable and just.

## **THIRTEENTH COUNT**

98. Plaintiff repeats and reiterates the allegations contained in the First through Twelfth Counts as if set forth herein at length.

99. Based upon the foregoing, eCube provided certain sales tools and marketing materials to Princeton with the expectation of being reasonably compensated for the services and materials provided.

100. By failing to reasonably compensate eCube, defendants are liable to eCube in quantum meriut for the reasonable value of those goods and/or services.

**WHEREFORE**, plaintiff, eCube Solutions, LLC, demands judgment against the defendants, Universal Master Products Limited, Princeton Green, LLC and Robert Lockwood, jointly and severally, as follows:

(a)  For an Order enjoining and restraining defendants from referencing eCube and/or eCube® in any manner on any of their websites, brochures, advertisements and/or other marketing materials;

(b)  For an Order enjoining defendants, and all persons or entities in active concert or participation with them from using or registering any name or mark,

43

1291011.01

any variation thereof, comprising or containing plaintiff's name and the eCube® marks, or any other name or mark that is confusingly similar to plaintiff's name and marks, i.e, tCube, 3Cube and/or endocube, including but not limited to registration or use as a domain name, trademark, business name or corporate name;

(c)   For an Order requiring defendants to account for and pay to plaintiff any and all profits arising from the foregoing acts of infringement, unfair competition and misappropriation and increasing such profits or payment to plaintiff in accordance with 15 U.S.C. §1117 and other applicable laws;

(d)   For an Order requiring defendants to pay plaintiff compensatory damages in an amount as yet undetermined, caused by the foregoing acts of infringement, unfair competition and misappropriation, statutory damages and trebling such damages for pay to plaintiffs in according with U.S.C. §1117 and other applicable laws;

(e)   For an Order enjoining defendants from using, disclosing, conveying, trading on or disposing of plaintiff's proprietary and/or confidential information and/or trade secrets, at any time or in any manner whatsoever;

(f)   For an Order enjoining defendants from contacting and/or communicating with eCube's distributors and/or customers;

(g)   For an Order requiring defendants to pay plaintiff punitive damages in an amount as yet undetermined caused by the foregoing acts;

(h)  For an Order requiring defendants to pay plaintiff's attorneys fees and costs in this action in accordance with 15 U.S.C. §1117, and other applicable laws;

(i)  For compensatory and consequential damages;

(j)  For interest, attorneys fees and costs of suit; and

(k)  For such other and further relief as this Court may deem equitable and just.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Plaintiff,
eCube Solutions, LLC


By:  s/ Marc J. Gross
     MARC J. GROSS

Dated:  March 23, 2011


## JURY DEMAND

Plaintiff, eCube Solutions, L.L.C., hereby demands a trial by jury as to all issues so triable.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Plaintiff,
eCube Solutions, LLC


By:  s/ Marc J. Gross
     MARC J. GROSS

Dated:  March 23, 2011

1291011.01

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to L. Civ. R. 11.2, I hereby certify that there is no other action pending in any Court or arbitration proceeding concerning the matter in controversy, none is contemplated, and further, I know of no other party who should be joined in this matter.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Plaintiff,
eCube Solutions, LLC

By:  s/ Marc J. Gross
    MARC J. GROSS

Dated:  March 23, 2011

46

## CERTIFICATE OF SERVICE

I, THOMAS K. MURPHY III, hereby certify that on the date indicated below, the foregoing Amended Complaint of plaintiff, eCube Solutions, LLC ("eCube") was electronically filed with the United States District Court for the District of New Jersey and served on all counsel of record electronically through the ECF system.

THOMAS K. MURPHY III

Dated: March 23, 2011

47

1291011.01